UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JENNIFER WACHHOLZ,

        Plaintiff,

  v.                                        Case No. 20-cv-1412-pp

ANDREW M. SAUL,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is not employed, she is not married, and she has no dependents she is responsible for supporting. Dkt. No. 3 at 1. The only income listed by the plaintiff is $194 per month in Food Share. Id. at 2. She states that she has $1,100 per month in expenses ($600 mortgage, $100 credit card payments,

1

$400 other household expenses). Id. at 2-3. The plaintiff owns two vehicles: a 2006 GMC Envoy worth approximately $3,000 (that she's in the process of selling) and a 2008 BMW X3 worth approximately $4,000; she owns her home, worth approximately $80,0000 with $20,000 in equity; she does not own any other property of value; and she has approximately $200 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I have used up all my retirement! (401K and IRA)." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied Social Security benefits for lack of disability, that she is disabled, and that the conclusions and findings of fact by the Commissioner of Social Security when denying benefits are not supported by substantial evidence and are contrary to law and regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be

2

a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 11th day of September, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**